| | |
|---|---|
| Name | Lann G. McIntyre, SBN 106067 <br> Kevin L. Eng, SBN 217248 |
| Address | 550 West C Street, Suite 1700 |
| City, State, Zip | San Diego, California 92101 |
| Phone | (619) 233-1006 |
| Fax | (619) 233-8627 |
| E-Mail | lann.mcintyre@lewisbrisbois.com <br> kevin.eng@lewisbrisbois.com |

☐ FPD  ☐ Appointed  ☐ CJA  ☐ Pro Per  ☒ Retained

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

MARGARITA LOPEZ, Individually and as Heir and Successor in Interest to Bernabe Lopez, deceased,

PLAINTIFF(S),

v.

GREENFIELD CARE CENTER OF SOUTH GATE, LLC doing business as GREENFIELD CARE CENTER OF SOUTH GATE,

DEFENDANT(S).

CASE NUMBER:
2:21-cv-02806-RGK-PVC

**NOTICE OF APPEAL**

NOTICE IS HEREBY GIVEN that Defendant GREENFIELD CARE CENTER OF SOUTH GATE, LLC hereby appeals to
*Name of Appellant*
the United States Court of Appeals for the Ninth Circuit from:

**Criminal Matter**

☐ Conviction only [F.R.Cr.P. 32(j)(1)(A)]
☐ Conviction and Sentence
☐ Sentence Only (18 U.S.C. 3742)
☐ Pursuant to F.R.Cr.P. 32(j)(2)
☐ Interlocutory Appeals
☐ Sentence imposed:

☐ Bail status:

**Civil Matter**

☒ Order (specify): ORDER GRANTING MOTION TO REMAND (DKT. NO. 25)

☐ Judgment (specify):

☐ Other (specify):

Imposed or Filed on  May 19, 2021 . Entered on the docket in this action on  May 19, 2021.

A copy of said judgment or order is attached hereto.

June 16, 2021                                   / s / Lann G. McIntyre
Date                                            Signature
                                                ☐ Appellant/ProSe   ☒ Counsel for Appellant   ☐ Deputy Clerk

Note:  The Notice of Appeal shall contain the names of all parties to the judgment or order and the names and addresses of the attorneys for each party. Also, if not electronically filed in a criminal case, the Clerk shall be furnished a sufficient number of copies of the Notice of Appeal to permit prompt compliance with the service requirements of FRAP 3(d).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS - 6**

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-02806-RGK-PVC | Date | May 19, 2021 |
|---|---|---|---|
| Title | *Margarita Lopez v. Greenfield Care Center of South Gate, LLC et al* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) Order of Remand

On April 1, 2021, Greenfield Care Center of South Gate, LLC ("Defendant") removed this action to federal court, seeking to invoke federal jurisdiction on three bases: the federal officer jurisdiction statute, the complete preemption doctrine, and the *Grable* doctrine. (Notice of Removal, ECF No. 1). On May 11, 2021, the Court issued an order to show cause ("OSC") requiring Defendant to show cause as to why this case should not be remanded to state court. (ECF No. 21). In response to the OSC, Defendant reasserts the three jurisdictional bases from its Notice of Removal. (*See* ECF No. 23). Having read and considered Defendant's Response to the OSC, the Court concludes that Defendant has failed to establish that this Court has subject matter jurisdiction over the claims asserted in Plaintiff's operative complaint, all of which are state law claims. The Court therefore **REMANDS** this action to state court.

**A. Federal Officer Jurisdiction**

First, Defendant is not a "federal officer" acting under a federal official. *See* 28 U.S.C. § 1442(a); *Stirling v. Minasian*, 955 F.3d 795, 800 (9th Cir. 2020). Although the federal officer removal statute is "liberally construed" in favor of removal, *Stirling*, 955 F.3d at 800, "[a] private firm's compliance (or noncompliance) with federal laws, rules, and regulations does not by itself fall within the scope of the statutory phrase 'acting under' a federal 'official,'" *Watson v. Philip Morris Cos.*, 551 U.S. 142, 153 (2007). "And that is so even if the regulation is highly detailed and even if the private firm's activities are highly supervised and monitored." *Id.* Here, where removal is simply based on Defendant's compliance with various federal COVID-19 directives and regulations, the federal officer removal statute does not apply.

**B. Federal Question Jurisdiction**

Next, the Public Readiness and Emergency Preparedness Act ("PREP Act"), 42 U.S.C. § 247d, provides immunity to covered persons against claims for losses due to the administration or use of a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-02806-RGK-PVC | Date | May 19, 2021 |
|---|---|---|---|
| Title | *Margarita Lopez v. Greenfield Care Center of South Gate, LLC et al* | | |

covered countermeasure in a declared public health emergency, like the COVID-19 pandemic. 42 U.S.C. § 247d-6d(a)(1); *see* Notice of Decl., 85 Fed. Reg. 15198 (Mar. 17, 2020). But the PREP Act does not support removal on the basis of federal question jurisdiction in this case, either as a matter of complete preemption or as raising a substantial federal question under the *Grable* doctrine.

Complete preemption rarely applies. *City of Oakland v. BP PLC*, 969 F.3d 895, 905–06 (9th Cir. 2020) ("The Supreme Court has identified only three statutes that meet [its] criteria."). In the Ninth Circuit, complete preemption for purposes of federal question jurisdiction applies only "when Congress: (1) intended to displace a state-law cause of action, and (2) provided a substitute cause of action." *Id.*; *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1245 (9th Cir. 2009) ("[A] federal statute must provide the 'exclusive cause of action' for complete pre-emption to apply[.]"). And, simply put, the PREP Act does not satisfy the Ninth Circuit's complete preemption test. *See, e.g., Stone v. Long Beach Healthcare Ctr.*, LLC, No. 21-CV-00326-JFW (PVCx), 2021 WL 1163572, at *5–7 (C.D. Cal. Mar. 26, 2021) (collecting cases and concluding the PREP Act does not satisfy the Ninth Circuit's complete preemption test).

Nor is removal justified based on the *Grable* doctrine. Plaintiff's claims do not raise "a substantial federal issue"; they do not require an interpretation, or challenge the constitutional validity, of any federal statute. *See City of Oakland*, 969 F.3d at 906–07 (finding no federal jurisdiction under the "slim category" articulated in *Grable* where the claim "neither require[d] an interpretation of a federal statute nor challenge[d] a federal statute's constitutionality" (citation omitted)); *Stone*, 2021 WL 1163572, at *7 (finding PREP Act immunity was merely related to defendant's defense and "not necessarily raised" for purposes of the *Grable* doctrine).

A growing number of federal district courts, in this district and beyond, have considered these jurisdictional issues and found federal jurisdiction lacking in circumstances very similar to those presented here. *See, e.g., Stone*, 2021 WL 1163572, at *3–8 (remanding for lack of jurisdiction after finding PREP Act did not completely preempt state law claims or raise a *Grable* question, and defendant could not remove under the federal officer statute); *Smith v. Colonial Care Ctr., Inc.*, No. 2:21-cv-00494-RGK (PDx), 2021 WL 1087284, at *3–8 (C.D. Cal. Mar. 19, 2021) (same), *appeal filed*, No. 21-55377 (9th Cir. Apr. 19, 2021); *In re McCalebb v. AG Lynwood, LLC*, No. 2:20-cv-09746-SB (PVCx), 2021 WL 911951, at *2–7 (C.D. Cal. Mar. 1, 2021) (same; finding the HHS Secretary's opinion describing the PREP Act as a complete preemption statute contrary to law and lacking legal support, and therefore not entitled to deference), *appeal filed*, No. 21-55302 (9th Cir. Mar. 31, 2021); *Dupervil v. All. Health Operations, LCC*, No. 20-CV-4042-PKC (PK), 2021 WL 355137, at *7–16 (E.D.N.Y. Feb. 2, 2021) (same), *appeal filed*, No. 21 505 (2d Cir. Mar. 3, 2021). The Court is aware of only one decision in this district to the contrary. *See Garcia v. Welltower OpCo Grp. LLC*, No. 8:20-CV-02250-JVS (KESx), 2021 WL 492581, *6–7, 9 (C.D. Cal. Feb. 10, 2021) (denying remand after deferring to the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-02806-RGK-PVC | Date | May 19, 2021 |
|---|---|---|---|
| Title | *Margarita Lopez v. Greenfield Care Center of South Gate, LLC et al* | | |

HHS Secretary's advisory opinion of PREP Act preemption without analyzing the Ninth Circuit's complete preemption test). The Court respectfully disagrees with the *Garcia* decision, however, as the HHS Secretary's January 8, 2021 opinion is neither persuasive nor entitled to deference because it is unsupported and contrary to law. *See Stone*, 2021 WL 1163572, at *7.

In summary, Defendant has failed to establish that this Court has subject matter jurisdiction over Plaintiffs claims, all of which arise under state law. The Court therefore **REMANDS** this action to the state court from which it was removed for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

_____ : _____

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 6. Representation Statement

*Instructions for this form:* http://www.ca9.uscourts.gov/forms/form06instructions.pdf

**Appellant(s)** *(List **each** party filing the appeal, do not use "et al." or other abbreviations.)*

Name(s) of party/parties:

> Defendant GREENFIELD CARE CENTER OF SOUTH GATE, LLC doing business as GREENFIELD CARE CENTER OF SOUTH GATE.

Name(s) of counsel (if any):

> Lann G. McIntyre
> Kevin L. Eng

Address: 550 West C Street, Suite 1700, San Diego, CA 92101

Telephone number(s): (619) 233-1006

Email(s): lann.mcintyre@lewisbrisbois.com; kevin.eng@lewisbrisbois.com

Is counsel registered for Electronic Filing in the 9th Circuit?   ● Yes   ○ No

**Appellee(s)** *(List only the names of parties and counsel who will oppose you on appeal. List separately represented parties separately.)*

Name(s) of party/parties:

> MARGARITA LOPEZ, Individually and as Heir and Successor in Interest to Bernabe Lopez, deceased.

Name(s) of counsel (if any):

> Dawn Marie Smith

Address: Smith Clinesmith LLP, 325 North Street Paul, 29th Flr, Dallas, TX 7520

Telephone number(s): (214) 953-1900

Email(s): dawn@smithclinesmith.com

*To list additional parties and/or counsel, use next page.*

Feedback or questions about this form? Email us at *forms@ca9.uscourts.gov*

**Form 6**                                          1                              *New 12/01/2018*

5

**FEDERAL COURT PROOF OF SERVICE**
*Lopez v. Greenfield Care Center of South Gate, LLC*
USDC-Central District, Case No. 2:21-cv-02806-RGK-PVC

STATE OF CALIFORNIA, COUNTY OF SAN DIEGO

At the time of service, I was over 18 years of age and not a party to the action. My business address is 550 West C Street, Suite 1700, San Diego, CA 92101. I am employed in the office of a member of the bar of this Court at whose direction the service was made.

On June 16, 2021, I served the following document(s):
**NOTICE OF APPEAL AND FORM 6. REPRESENTATION STATEMENT.**

I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

| | |
|---|---|
| Dawn Marie Smith, Esq.<br>SMITH CLINESMITH LLP<br>325 North Street Paul, 29th Floor<br>Dallas, TX 75201<br>Tel:   (214) 953-1900<br>Fax:  (214) 953-1901<br>Email:  dawn@smithclinesmith.com | ***Attorneys for Plaintiff MARGARITA LOPEZ, Individually and as Heir and Successor in Interest to Bernabe Lopez, deceased*** |

The documents were served by the following means:

☒ (BY COURT'S CM/ECF SYSTEM)  Pursuant to Local Rule, I electronically filed the documents with the Clerk of the Court using the CM/ECF system, which sent notification of that filing to the persons listed above.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on June 16, 2021, at San Diego, California.


/s/ *Janis Kent*
Janis Kent

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4843-9227-2875.1

PROOF OF SERVICE    6